IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: CARL WHITEHEAD,            )
                                  )   Civil Action No. 10-MC-356
        Petitioner.               )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                    January 27, 2011

Before the court is petitioner's motion for relief from judgment. [Doc. No. 3]. For the reasons that follow, petitioner's motion will be denied.

On December 21, 2010, pro se petitioner, Carl Whitehead, filed a motion for leave to proceed in forma pauperis in order to "take depositions to perpetuate testimony." [Doc. No. 1]. This court denied petitioner's in forma pauperis motion on January 6, 2011. Petitioner then filed a motion for relief from judgment entered on January 6th, or in the alternative, for clarification of this court's denial of his in forma pauperis motion. [Doc. No. 3]. We now clarify the basis upon which we denied petitioner's in forma pauperis motion.

I. 28 U.S.C. § 1915

We first address the statutory basis for our denial of petitioner's motion for leave to proceed in forma pauperis.

Congress has authorized the federal courts to allow a party to proceed with the commencement, prosecution, or defense

1

of an action in forma pauperis. 28 U.S.C. § 1915(a). In doing so, Congress recognized the public policy concern that persons who are unable to pay fees or give security should be permitted to prosecute or defend actions that affect their legal rights. Additionally, upon submission of an affidavit setting forth all assets, a court may authorize a prisoner to file a complaint in a civil action, or appeal a judgment in a civil action, without prepayment of fees. 28 U.S.C. § 1915(a)(2).

In this case, petitioner did not request to file a civil complaint or serve process to initiate a civil action. Petitioner moved for leave to proceed in forma pauperis to engage in pre-complaint discovery pursuant to Federal Rule of Civil Procedure 27. Specifically, petitioner sought in forma pauperis status so that he could take depositions of several witnesses to assist him in preparing a civil rights complaint. Petitioner has pointed to no statutory authority requiring this court to grant him in forma pauperis status to pay for pre-complaint discovery expenses to assist him in preparing his civil rights complaint. Petitioner is not entitled to payment for these discovery costs; therefore, this court declined to grant him in forma pauperis status.[1]

---

[1] We also note that petitioner, who is a prisoner, failed to submit a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of his motion in accordance with 28 U.S.C. § 1915(a)(2).

2

## II. Equitable Powers

We recognize that although we have denied petitioner in forma pauperis status, the court's inherent equitable powers over discovery could be exercised in this matter to assist petitioner in obtaining pre-complaint discovery. Tabron, 6 F.3d at 159. However, we decline to exercise jurisdiction over this matter and find that it is inappropriate to exercise our powers of equity to provide petitioner with assistance in acquiring pre-complaint discovery. Federal Rule of Civil Procedure 27 provides that a trial court should issue an order to perpetuate testimony when it will "prevent a failure or delay of justice." Fed.R.Civ.P. 27(a)(3). Rule 27 is available "in special circumstances to preserve testimony which could otherwise be lost." Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975).

Petitioner has not claimed that the testimony he seeks is in danger of being lost. Petitioner states that he needs to perpetuate the testimony of certain witnesses to allow him to prepare a civil rights complaint. Petitioner asserts generally that he needs pre-complaint discovery because the alleged adverse parties are conspiring against him. Petitioner asserts specifically, with regard to only one witness, that when he last saw the witness at his trial, she seemed old and appeared to have a medical condition because she used a cane. Petitioner's allegations do not satisfy the standard of preventing a failure

3

or delay of justice that would require this court to issue an order perpetuating the testimony of certain witnesses.

Based on the foregoing, petitioner's motion for relief from judgment will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: CARL WHITEHEAD,           )
                                 ) Civil Action No. 10-MC-356
        Petitioner.              )

ORDER

AND NOW, this 27th day of January, 2011, upon consideration of petitioner's motion for relief from judgment [Doc. No. 3], said motion is hereby DENIED, without prejudice to petitioner's right to file a motion for leave to proceed in forma pauperis in connection with the commencement, prosecution, or defense of an action in accordance with 28 U.S.C. § 1915.

BY THE COURT:

_____, C. J.

cc: Carl Whitehead #EK-5805
    SCI-Somerset
    1600 Walters Mill Rd.
    Somerset, PA 15510